IN THE CIRCUIT COURT OF THE
18TH JUDICIAL CIRCUIT IN AND FOR
SEMINOLE COUNTY, FLORIDA

LATRAVIAS BYRD,

    Plaintiff,

vs.                      Case No:   2021CA002260

RACETRAC PETROLEUM, INC.,
a foreign profit corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, LATRAVIAS BYRD, sues Defendant, RACETRAC PETROLEUM, INC., a foreign profit corporation (hereinafter "RACETRAC PETROLEUM), and states the following:

1. This is a cause of action for damages in excess of $30,000.00.

2. All conditions precedent to filing this action have been complied with, expired, and/or waived.

3. The incident described herein occurred in Seminole County, Florida.

4. On or about September 15, 2018, Defendant, RACETRAC PETROLEUM, was in possession and control of the premises at 4115 East State Road 46 in Sanford, Seminole County, Florida, which Defendant operates as a gasoline station and convenience store.

5. At that time and place, Plaintiff, LATRAVIAS BYRD, was an invitee lawfully on the premises described above.

6. At that time and place, Plaintiff, LATRAVIAS BYRD, was injured when he slipped and fell on liquid on the store's floor.

7. Defendant, RACETRAC PETROLEUM, had a duty to maintain the premises in a reasonably safe condition, correct any dangerous condition of which it either knew or should have known by the use of reasonable care, and to warn of any dangerous conditions concerning which it had, or should have had, knowledge greater than that of its invitees. Defendant breached all of these duties.

8. Specifically, Defendant, RACETRAC PETROLEUM, negligently:

a) Allowed liquid to accumulate and remain on the store's floor for an unreasonable length of time;

b) Created a slip hazard and dangerous condition on the premises;

c) Allowed a slip hazard and dangerous condition to remain on the premises for an unreasonable length of time; and

d) Failed to warn the Plaintiff and similarly situated individuals of the dangerous condition.

9. Defendant, RACETRAC PETROLEUM, knew or, in the exercise of ordinary care, should have known the premises were not in a reasonably safe condition.

10. Defendant, RACETRAC PETROLEUM, had actual or constructive notice of the dangerous condition.

11. As the direct and proximate result of the negligence of Defendant, RACETRAC PETROLEUM, Plaintiff, LATRAVIAS BYRD, suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and

treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE**, Plaintiff, LATRAVIAS BYRD, demands judgment for damages against Defendant, RACETRAC PETROLEUM.

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted this 15th of September 2021.


By: s/ Michael Blum
**MICHAEL BLUM**
Attorney Email:  Mblum@schwedlawfirm.com
**Eservice Email:  eservice@schwedlawfirm.com**
Bar Number:  68260
Attorneys for Plaintiff
Schwed, Adams & McGinley, P.A.
7111 Fairway Drive, Suite 105
Palm Beach Gardens, Florida 33418
Telephone: (561) 694-6079
Facsimile:  (561) 694-6089

EXHIBIT A

IN THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR SEMINOLE AND BREVARD COUNTIES, FLORIDA

_____,

    Plaintiff,

vs                                  CASE NO:

_____,

    Defendant.

_____/

## CASE MANAGEMENT PLAN

**(STREAMLINED)**

7

The parties are to meet, review, and discuss the Case Management Plan to agree upon dates according to the guidelines set forth in the above Case Management Plan. The parties are to sign the certification below and submit the proposed Case Management Order with the agreed upon dates to the Court for approval and signature.

| | |
|---|---|
| 1. Date of First Response (i.e., Answer, Notice of appearance, Motion for Extension of Time, Motion to Dismiss) | The date of the first filing |
| 2. Deadline for adding new parties, amendment of pleadings | Should be 45-60 days since response date |
| 3. Deadline for Witness & Exhibit List (Witnesses MUST be listed by actual NAME of the witness, and not by designation (i.e., use of such designations as "Corporate Representative," "Records Custodian," "Adjustor," or "IME Doctor" standing alone is insufficient) | Should be 45-60 days before Trial |
| 4. Deadline for Expert Disclosure | Should be 90-120 days prior to projected trial date for Plaintiff |
| (Parties should furnish opposing counsel with the names and addresses of all expert witnesses under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.28(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed with the Clerk of the Court.) | Should be 60-90 days prior to projected trial date for Defendant |
| 5. Objections to pleadings | Should be resolved 120-150 days prior to projected trial date |
| 6. Deadline for Discovery Completion (including Depositions) | Should be 30 days prior to projected trial date |
| 7. Deadline for Dispositive Motions, including *Daubert* Motions-Failure to do so shall constitute a waiver at Trial of any *Daubert* related evidence objection or issue<br>Responsibility for scheduling of the Hearing shall be upon the party filing the Motion or Objection. | Should be heard 15-30 days prior to projected trial date |
| 8. Deadline for Mediation: | Should be 45-60 days prior projected trial date |
| 9. Trial Date | Must include length of trial period and projected date trial is desired to commence approximately 12 months from date of the Case Management Plan and submission of Case Management Order to Court |

I hereby certify that all parties have met and conferred regarding all proposed dates for the Case Management Plan and Case Management Order and certify that all dates proposed in the Case Management Order have been agreed to by the parties.

Date: _____

Signature of Counsel and Unrepresented Parties. Counsel must state FL Bar number. Unrepresented parties must include email address for service.

_____   _____

# EXHIBIT A & B

IN THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR SEMINOLE AND BREVARD COUNTIES, FLORIDA

_____,

      Plaintiff,

vs

CASE NO:

_____,

      Defendant.

_____/

## CASE MANAGEMENT ORDER

Pursuant to the dictates of Administrative Order AOSC20-23 of the Florida Supreme Court, and AO 21-24, Eighteenth Judicial Circuit, it is, hereby,

**ADJUDGED** that the following deadlines are applicable to this action, and that same will be strictly applied by the Court:

The projected date of trial for this matter is the trial docket beginning _____. A firm trial date will be ordered by the presiding judge when this matter is at issue and notice as to same is filed in accordance with Rule 1.440, Fla. R. Civ. P.

Any request(s) for the addition of new parties, or amendments to the pleadings, shall be served within \_\_\_\_\_ days of the date of this Order.

The fact witnesses of all parties shall be disclosed to all other parties no later than\_\_\_\_\_ days prior to the above projected trial date.

All of Plaintiff's Expert Witnesses shall be disclosed to all other parties no later than\_\_\_\_\_ days prior to the above projected trial date. Defendant's Expert Witnesses shall be disclosed to all other parties within 30 days thereafter.

All fact AND expert discovery shall be completed no later than\_\_\_\_\_ days prior to the above projected trial date.

All objections to the pleadings, and all pre-trial motions shall be resolved no later than\_\_\_\_\_ days prior to the above projected trial date.

13

Mediation shall be completed no later than_____ days prior to the above projected trial date.

## ORDER

**THE COURT,** having reviewed the preceding Case Management Dates finding them to be satisfactory. Accordingly, it is hereby **ORDERED** that;

1. **COMPLIANCE WITH THIS CASE MANAGEMENT ORDER:** The parties shall strictly comply with the terms of this Case Management Plan and Case Management Order unless otherwise ordered by the Court. FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS.

2. **ADDITIONAL EIGHTEENTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following: (i) **Amended Administrative Order Establishing the Eighteenth Judicial Circuit Courtroom Decorum Policy (AO 09-06)**; and (ii) **any division-specific guidelines and policies that may be applicable**.

3. **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation and Court order in accordance with applicable law.

4. **NOTICES FOR TRIAL:** Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., or within ten (10) days from the date of this Order if the case has been at issue longer than ten (10) days, the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Case Manager at the email address noted on the Eighteenth Judicial Circuit website.

5. **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

6. **SERVICE OF THIS ORDER:** Counsel is ordered to promptly serve and file proof with the Clerk, no more than five (5) business days from the date of this Order that all *pro se* parties, subsequently named or appearing herein, have been served copies of this Order. In the event a party is unrepresented and has not designated an email address for purposes of electronic service, counsel for Plaintiff shall be responsible for serving this Order and all future orders of the Court via a non-electronic means (U.S. mail, Federal Express or the equivalent) and shall file a Certificate of Service with the Court indicating who was served, the date of service, and the method of service (including any address or email used) within three (3) business days. If Plaintiff is unrepresented, Counsel for the Defendant shall have this same obligation. If all parties are unrepresented, the Plaintiff shall provide stamped addressed envelopes to the Court with submission of this and any other proposed Order.

7. **SETTLEMENT:** *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

**DONE AND ORDERED** this _____ day of _____, 2021, in _____,

_____ County, Florida.

                                                   _____
                                                   CIRCUIT JUDGE

*<u>A true and correct copy of the foregoing was distributed to all parties by filing and service via the eportal to all attorney(s)/interested parties identified on the eportal Electronic Service List.</u>*

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711**

15